LUGO, RECURRENTE, *v.* EL REGISTRADOR DE HUMACAO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao denegando en parte la inscripción de un expediente posesorio.

No. 225.—Resuelto en abril 17, 1915.

EXPEDIENTE POSESORIO — ASIENTO CONTRADICTORIO NO CANCELADO — ANOTACIÓN PREVENTIVA.—Cuando, según el artículo 393 de la Ley Hipotecaria, el registrador, antes de inscribir alguna finca o derecho en virtud de información posesoria, encontrare algún asiento de adquisición de dominio o posesión no cancelado que esté en contradicción con el hecho de la posesión justificada por dicha información, suspenderá la inscripción, hará anotación preven-

tiva si se solicita y remitirá copia de dicho asiento al juez que haya apro-
bado la información para que confirme o revoque el auto de aprobación,
notificándolo al registrador para los efectos legales.

RECURSOS GUBERNATIVOS—ARTÍCULO 393 DE LA LEY HIPOTECARIA—CONFLICTO EN-
TRE AMBAS DISPOSICIONES.—El artículo 393 de la Ley Hipotecaria no está
en oposición con las secciones 1ª. y 2ª. de la ley de marzo 1, 1902, sobre
recursos contra las resoluciones de los registradores de la propiedad.

EXPEDIENTE POSESORIO—ASIENTO CONTRADICTORIO NO CANCELADO—NOTIFICACIÓN
AL INTERESADO.—Aun cuando el registrador no remita copia del asiento con-
tradictorio al juez que aprobó la información, si notifica su nota al inte-
resado con devolución de los documentos y entrega de dicha copia, aquella
omisión no causa a éste perjuicio alguno, pues él o su representante pueden
acudir al juez con los documentos para el cumplimiento de lo que prescribe
el artículo 393 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

El Registrador Sr. Miguel Planellas compareció en nom-
bre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Ante la Corte Municipal de Fajardo promovió José Lugo
y Calzada en 11 de enero del corriente año información para
justificar la posesión de 32 cuerdas de terreno radicadas en
el barrio de Sabana del término municipal de Luquillo, de
las cuales había adquirido 26 de los consortes Juan de Matta
Rosado y Guadalupe Corcino Narváez por título de compra-
venta, y las 6 cuerdas restantes de Simplicia Cruz por igual
título.

El Juez Municipal aprobó el informativo practicado por
resolución de 2 de febrero siguiente y ordenó su inscripción
en el Registro de la Propiedad de Humacao sin perjuicio de
tercero de mejor derecho, a cuyo fin se entregaría el expe-
diente original al interesado.

El registrador verificó la inscripción en cuanto a las 6
cuerdas y la suspendió en cuanto a las otras 26, por medio
de nota que copiada a la letra dice así:

"Inscrito este expediente, pero sólo en cuanto a las 6 cuerdas de
la finca que el promovente compró a Simplicia Cruz, en el tomo 7
de Luquillo, al folio 168 vuelto, finca No. 345, inscripción 2ª.; y sus-

pendida la inscripción en cuanto a las 26 cuerdas compradas a Juan de Matta Rosado y esposa, que aparecen inscritas a favor de éste, de conformidad con lo dispuesto en el párrafo segundo del artículo 393 de la Ley Hipotecaria, hasta que la Corte Municipal de Fajardo, con vista de la copia que se acompaña de la inscripción que aparece a favor del citado Juan de Matta Rosado, y con citación y audiencia de las personas en él interesadas, Juan de Matta Rosado y esposa, confirme o revoque según proceda, el auto de aprobación de dicho expediente, tomándose entretanto anotación preventiva en el mismo tomo y folio al principio citados anotación a. Humacao, febrero 23 de 1915. El Registrador, Miguel Planellas.''

La notificación de dicha nota se hizo a José Lugo Calzada por medio de carta que en 25 de febrero citado le dirigió por correo el mencionado registrador acompañándole el expediente original con copia del asiento que motivaba la suspensión de inscripción para que acudiera a la Corte Municipal de Fajardo a los fines expresados en la nota. Lugo Calzada presentó dichos documentos en la secretaría de esta Corte Suprema en 15 de marzo próximo pasado con alegato escrito en que pide se dicte resolución aprobando o revocando la opinión del registrador de la propiedad, alegando en defensa de su derecho la falta de cumplimiento por el registrador de las secciones 1ª. y 2ª. de la Ley sobre Recursos contra las resolución de los Registradores de la Propiedad.

La nota recurrida se ajusta al artículo 393 de la Ley Hipotecaria preceptivo entre otros particulares de que si los registradores antes de inscribir alguna finca o derecho en virtud de información posesoria encontraren algún asiento de adquisición de dominio o posesión no cancelado que esté en contradicción con el hecho de la posesión justificada por dicha información, suspenderán la inscripción, harán anotación preventiva si la solicita el interesado y remitirán copia de aquel asiento al juez que haya aprobado la información para que en su vista y con citación y audiencia de las personas que en virtud de dicho asiento puedan tener algún derecho sobre el inmueble, confirme o revoque el auto de aprobación dando conocimiento en todo caso de la providencia recayente al

registrador, para que lleve a efecto la inscripción o cancele la anotación preventiva.

El asiento de posesión de las 26 cuerdas de terreno a favor de Juan de Matta Rosado hecho en el Registro de la Propiedad de Humacao en 23 de abril de 1897 no había sido cancelado en el registro y hubiera quedado cancelado si se hubiera llevado a efecto la inscripción de posesión de ese mismo terreno a favor de José Lugo Calzada. No se ha levantado cuestión alguna sobre la identidad del terreno.

El artículo 393 de la Ley Hipotecaria no está en oposición con las secciones 1ª. y 2ª. de la Ley de marzo 1°., 1902, sobre recursos contra las resoluciones de los registradores de la propiedad, como lo demuestra su simple lectura; y si bien el Registrador de Humacao remitió a José Lugo Calzada los documentos de que se deja hecho mérito en lugar de notificar su nota al interesado para que éste los recogiera o en caso negativo hacer el registrador por si propio la remisión de ellos a este tribunal a los fines de la interposición del recurso, Lugo Calzada no ha sufrido con ello perjuicio alguno y antes por el contrario, dándose por notificado con el recibo de los documentos, interpuso oportunamente el recurso que la ley le otorga contra la nota del registrador.

Es cierto que el registrador no remitió copia del asiento contradictorio al Juez Municipal de Fajardo que aprobó la información, según preceptúa el artículo 393, pero esa omisión tampoco causa perjuicio alguno al recurrente, pues éste puede acudir a dicho juez municipal con los documentos que le fueron remitidos para el debido cumplimiento de lo que dicho artículo prescribe.

Por las razones expuestas es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.